Michael A. Bruzzone, *in pro se*
3766 Via Verdi, Richmond, CA 94803
campmkting@ao.com, 415-250-4652

25 - 1 5 8 3

# In the U.S. DISTRICT COURT for the DISTRICT OF DELAWARE

**Michael Alan Bruzzone**, attorney enlisted privateer of the Federal Trade Commission in 15 USC 5 antitrust investigation technical, discovery, consent order monitoring roles May 1998 to current, United States Attorney on explicit contracts qui tam relator original source at 31 USC 3729 – 3333 in December 2008, again October 2013 and most recently 2024 updated on new evidence. States class lead at 15 USC 15, 42 USC 1981, 1985, public party operates in federal agency retained by U.S. Congress "for the people".

Plaintiff

vs.

Intel Corporation

Defendant

**ORIGINAL COMPLAINT w/exhibits**

**SUBJECT CLAYTON ACTION at 15 USC §§ 5, 15, on FTC Docket 9341 vs. Intel Corp § 16 affirming decree whom plaintiff Bruzzone is the consent order monitor since Oct 2010, and discovery aid since 2009 enlisted by then FTC Chairman Kovacic. Mr Bruzzone as an enlisted servant of the Federal Trade Commission begins May 1998 supporting v Intel Corp. Docket 9288 continues through 28 years as Federal, States DOJ, industry witness, States expert class lead of the Intel Inside® PC price fix overcharge recovery.**

**Monitor Bruzzone the FTC public party retained by US Congress here challenges his charge Intel Corporation pillaring him portraying nation's antitrust determinations as merit less. At 15 USC § 5, 15 engaged in frivolous motion practice sub; FRCP 11 and at Cal Bar Rule 8.4 moves for vexing orders do falsely portray Mr. Bruzzone defending his federal assignments as delusional, frivolous, harassing claiming antitrust decrees lack merit to justify libeling monitor Bruzzone and his federal assignments frivolous, harassing, menace pillars in public forum. Means to quash, make example, places in obloquy does destroy in business. With associates manipulate law officer's to seize Bruzzone 1st, 4th, 5th, 6th 14th guarantees sub 42 USC § 1981, 1983 1985 *Griffin, Lujan, Bivens.***

**The May 2009 EUCC 37.990 v Intel and 2023 and Nov 2025 two adverse appellate judgments T286 and T1123 affirm 37.990 and FTC 9341 and Bruzzone 9288 price fix fact in 1998 now expose Intel FRCP 11 and 60(b)(3) frauds vicariously harmful to Bruzzone in his business assignments.**

**ORIGINAL CLAYTON ACT COMPLAINT**

1

On FTC 9341, EU 37.990, T286, T1129, North California Dist Bruzzone v Intel Corp., and Intel Corp v Bruzzone Court records confirm Intel Corporation and associate opposition network of experts and fixers, for 28 years, libeling Bruzzone federal and States witness <u>falsely portraying to make unbelievable destroys Bruzzone engaged in federal antitrust assignments and his business.</u>

1) Concealing 33 yr organized crime infiltration of Intel; *US v Turkette* 452 US 576

2) Concealing price fixing; *U.S. v Munsingwear, Inc.*, 340 US 36 (S. Ct. 1950)

3) Concealing the looting of Intel Corporation including by its own employees.

4) Knowingly misrepresenting Bruzzone to detectives, law enforcement, others.

5) Causing Bruzzone to be hunted by law enforcement, detectives, informants,

6) Concealing 24 related patterns of RICO operation documented on FTC/EU Intel system's assessment; 15 USC §§ 1, 2 and 18 USC §§ 2, 3, 241, 242, 371, 641, 1001, 1341, 1503, 1505, 1510, 1511, 1512, 1513, 1516, 1519, 1956 (A)(i) promotion, (A)(ii) evade taxes, (B)(i) concealment, (B)(ii) avoid transaction reports requirements (a)(2) international, (a)(3) sting, (h) conspiracy, 1957 product laundering and suspect private banking exchange system, 1958, 1961 <u>disabling interstate commerce 1962c</u>, procurement overcharge theft from the United States leaves 1831 and 2382 questions.

7) FTC / EU affirm abusive monopoly in combined cartel on explicit contracts.

8) Condemns systems of Intel Inside raising price unjustifiably, *US v Apple* (SDNY)

9) Confirms Intel Corp false claims and certs in moving papers to libel, swindle.

10) Confirms Intel engaged in misrepresentations reversing material facts on law

11) Confirms Intel Corp engaged in FRCP 11.1 frivolous motions practice.

12) Confirms Intel 60(b)(3) influence frauds on 5 courts in 3 Federal Districts.

13) Documents as proofs of Intel Corp fraudulent deceit is re-addressable;

14) Making the defendants actions unlawful; *Masson v New Yorker Magazine*, 501 US 496, 510 (S.Ct 1991) causing 15 USC § 15 business harms; *Kapp v Nat'l Football League*, 586 F.2d 644, 648 (9th 1978) and *Klors Inc v Broadway-Hale Stores, Inc.* 359 US 207 (9th 1959), "requiring anti-trust enforcement"; *Brunswick Corp v Bowl-O-Mat Inc.*, 429 US 477 489, S. Ct (1977).

**ORIGINAL CLAYTON ACT COMPLAINT**

# TABLE of CONTENTS

pg

CASE factual claims on law at a glance                    2

INTRODUCTION                                             7

FACTUAL ALLEGATIONS                                      9

SPECIFIC CLAIMS with LAW ARGUMENTS INCLUSIVE            16

RIGHT TO AMEND                                          33

PRAYER                                              33 - 34

Exhibits                                            35 - 130

Certificate of Service                                 131

## Statutes

5 U.S.C. § 555(b) §§ 701 – 706

15 U.S.C. §§ 1, 2, 5, 15, 16, 22

18 U.S.C. §§ 2, 3, 241, 242, 371, 641, 1001, 1341, 1503, 1505, 1510, 1511, 1512, 1513, 1516, 1519, 1956, 1957, 1958, 1961, 1962, 1831, 2382

31 U.S.C. §§ 3729 – 3333

42 U.S.C. §§ 1981(a)(b), in-State 1983, 1985(1)(2)(3), 1986

## California State Procedure and Penal Code, and Federal Procedure

CCP 391(b), 391.7

CCP 415.16

CCP 525 – 534

CCC § 45, 45a, 46, 1709, 1710

CPC §§ 32, 132, 134, 135, 136.1, 182, 484, 487, 641, 666

FRCP 11.1 and California Bar Rule 8.4

FRCP 60(b)(1)(3)(4)(6)

**ORIGINAL CLAYTON ACT COMPLAINT**

3

**Constitution**

1st, 4th, 5th, 6th, 9th, 14th

**Table of Authorities**

*Ackermann v US* 340, US 193, 199-202, 71 S.Ct., 209, 212- 214 95 L.Ed 209 (1950).

*American Column & Lumber Co., v United States*, 257 U.S. 377 (1921)

*Appalachian Coals Inc. v US* 288 US 344 (Supreme Court 1933)

*Ashcroft v Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173, L.Ed. 2d 868 (2009)

*Batzel v Smith*, 333 F.3d 1018 at 1024 (9th Cir. 2003)

*Bauman v United States Dist. Court*, 557 F.2d 650, 654-55 (9th Circuit 1977)

*Bell Atlantic v Twombly*, 550 U.S. 544 at 555 (Supreme Court 2007)

*Bivens v Six (Un)known Narcotics Agents*, 403 U.S. 388 (1971)

*Brunswick Corp v Bowl-O-Mat Inc.*, 429 US 477 489, (Supreme Court 1977)

*Camreta v Greene*, 563, U.S. 692 (2011)

*Carpenter v US*, 484 U.S. at 27, 108 Supreme Ct., 316, 98, L.Ed 275 (1987)

*Chamber v Nasco Inc.*, 501 U.S. 32 at 46 (Supreme Court 1991)

*Clark v Clark*, California Appellate, 4th District, September 5, 1961

*Dwares v City of New York* 985 F.23d 94 (2nd Circuit 1993)

*Ford v Temple Hospital*, 790 F.2d 342, 373 (3rd Circuit 1985)

*Global Tech Appliances, Inc. v SEB SA*, 563 U.S.754, 766, 131 S.Ct 2060, 179 L.Ed 1167 (2011)

*Griffin v Breckenridge*, 403 US 88 (Supreme Court 1971)

*Grenada Lumber Company v Mississippi*, 217 US 433 (Supreme Court 1910)

*Griffin v Breckenridge*, 403 U.S. 88, 102, 91, S.Ct., 1790, 1798, 29 L. Ed.2d, (1971).

**ORIGINAL CLAYTON ACT COMPLAINT**

4

**Table of Authorities, continued**

*Hale v State Farm Fire and Casualty Co.,* 2:2020-cv-1688 (WD of Ill.2020)

*Hazel-Atlas Glass Company v Hartford Empire Company*, 332 U.S. 238 (1944)

*Hilton v Hallmark Cards*, 599 F.3d 894 (2010)

*Jeff D v Kempthorne*, 385, F.3d, 844, 850 (9th Circuit 2004)

*Joseph Naccarato v NY State Tropper William Oliver,* 882 F.2d at 446 (EDNY 1995)

*Justin Ringgold-Lockhart; Nina Ringgold v Cty of Los Angeles*, No. 11-57231, D.C. No. 2:11-cv-01725-R-PLA (9th Circuit 2013)

*Kapp v National Football League*, 586 F.2d 644, 648 (9th Circuit 1978)

*Klapprott  v United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949)

*Klors Inc v Broadway-Hale Stores, Inc.*  359 US 207 (9th Circuit 1959)

*Kush v Ruteledge*, 460 U.S. 719, 103 S Ct at 1487 (1983)

*Lujan v Defenders of Wildlife*, 504 US 555, 560-61, 112 SCt 2130, 119 L. Ed.2d 351 (1992)

*Masson v N. Yorker Magazine* (1991) 501 US 496, 510 [111 S.Ct. 2419, 115 L.Ed.2d 447]

*McNeil Pharmaceutical v Hawkins*, 686 A.2d 567, 578 (DC Circuit 1996)

*Meadows v Bakersfield S & L Assn.,* 250 Cal.App. 2nd 749, 59 Cal. Rptr. 34 (1967)

*Molski v Mandarin Torch Restaurant, 347* F. Supp. 2d 860 at 864, (CD Cal. 2004)

*New York Times v Sullivan* (1964) 376 U.S. 254, 279–280 [84 S.Ct. 710, 11 L.Ed.2d 686]

*Page v Sandbuilte* 91 F.2d 1108- 1109 (8th Circuit 1990)

*Pico v Cohn*, 91 Cal. 129 [25 P. 970, 27 P. 537 (California Supreme Court 1891)

*Primus Auto. Fin. Services Inc., v Batarse*, 115 F.3d 644, 648 (9th Circuit 1997)

*St. Amant v. Thompson* (1968) 390 U.S. 727, 731 [88 S.Ct. 1323, 20 L.Ed.2d 262]

*Slaven v Trading Transport Co., Inc.*, 146 F.3d 1066, 1070 (9th Circuit 1998)

**ORIGINAL CLAYTON ACT COMPLAINT**

1

**Table of Authorities, continued**

2

*Stewart v Sonnenborn*, 98 U.S. 187 (1878)

3

*Tanner v United States*, 483 U.S.107, 130 (1987)

4

*Universal Oil Products Co., v Root Refining Co.,* 328 U.S. 575, 580 (1946)

5

*United States v Apple Inc.*, 952 F. Supp, 2d 638 (SDNY 2013)

6

*United States v Dinome,* at 1258, 954 F.2[nd] 839, (2nd Circuit 1996)

7

*United States v Gabriel*, 125 f.3d 89.97 (2nd Circuit 1997)

8

*United States v Guadagna,* 183 F.3d 122, 129 (2nd Circuit 1999)

9

*United States v Gurary*, 860 F.2d 521, 526 (2nd Circuit 1988)

10

*United States v Holz*er, 816 F.2d 304, 307 (7th Circuit 1987)

11

*United States v Kozeny,* 667 F.3d 122, 132 (2nd Circuit 2011)

12

*United States v Munsingwear, Inc.*, 340 US 36 (Supreme Court1950)

13

*United States v Nolan,* 136 F.3d 265, 272 (2nd Circuit 1998)

14

*US v Nat'l Assoc of Real Estate Bd*, 399 U.S. 485 (70 2.Ct. 711, 94, L.Ed 1007) (1950)

15

*United States v Starr*, 816 F.2d 94,98 (2nd Circuit 1987)

16

*US v Trans-Missouri Freight Assoc*, 166 US 290, 17 S.Ct. 540, 41 L.Ed 1007 (1897)

17

*United States v Throckmorton* 98 US 61 [25 L. Ed .93] (Supreme Court 1878)

18

*United States v Turkette* 452 US 576 (Supreme Court 1981)

19

*United States v Wallach*, 935 F.2d 445, 463 (2nd Circuit 1991)

20

*Wilcox v Superior Ct.*, 27 Cal. App. 4th 809, 33 Cal. Rptr 2d 446 (1994)

21

re Zimmerman, 869, F.2d, 1126 - 1128 (8th Circuit 1989)

22

23

24

25

**ORIGINAL CLAYTON ACT COMPLAINT**

## INTRODUCTION

Claims and allegations of the proceeding paragraphs are incorporated fully set in.

For 33 years Intel Corporation legal and security functions run a bounty system that by 1998 on CEO Andrew Grove an admitted paranoid narcissist, displeasure with Bruzzone that began with Grove approving the burning of Bruzzone work product in 1993, separations and lithographic plates comprising the Cyrix Instead™ three print advertisement series, then by 1997 portraying Bruzzone on his competitiveness as "Intel anti-Christ" grows into an Intel executive, associate's, corporate security and private detective and informant business obsession meant to surround Bruzzone in his individual, and contain in his federal, and States official. Grove and associates knew the power of their touch to mark and make into prey for hunting. Intel's method of industry group boycott starves as it gathers intelligence administering stings and framings, collecting whatever schmutz can be gathered or created in constructions including ibansik methods surrounding targets in multipoint manipulations to craze. Means to make Bruzzone an unbelievable but ultimately fails to shut Bruzzone up knowing what's going on around him is wrong, unlawful, educating himself technically on the environmental factors and causes of his Intel caging attempting to erase Bruzzone first party industry knowledge observing, recruited for theft transfer-bridge disregarding and dangerous. Beginning November 1991 that escalates into the summer of 1996 never ceasing Bruzzone notices spy operation's engaged in secure data theft left unaddressed by his Intel directly competitive employers that over time would include intellectual property of direct competitors discovered at Intel Corp and others. Bruzzone ultimately focuses on three system metrics; **1)** the Intel supply signal cipher that broadcasts Intel quarterly pro-duction volume originally through reports and by product category tables but ultimately

through a disintegrated math story problem enabling the cryptographer to calculate Intel revenue and margin four to eights quarters into future time for playing INTC stock price; **2)** Techniques of channel supply competition for cultivating the health of a balanced operating x86 processor and computers distribution sales system. **3)** The destructive Intel Inside price fix mechanic responsible for consolidating players out of the Intel x86 PC supply chain, restraining direct Intel microprocessor competitors, disabling interstate commerce, relying on a system metric that Intel knew was illegal under inter nation antitrust law, Intel's Fred Hoar knew in 1996 how could Intel not know? Has nothing to do with best management practice, responsibility in technocracy, or legitimate law and governance, unless you're running a racket.  Which Intel has been for 33 yrs under Intel mob law engaged in cartel combine on contracts operating outside and beyond the federal power, while disrupting a cohesive States republic when Intel lies, throws bones, plays favorites or arm's merchant.

Intel Corporation abusive monoploy, rackets and espionage from 1991 through 2023 occurs in real time dismantling commerce, industry, society on the whims of tech racketeers operating inside Intel Corp, among Intel associates beholden, proximate industry including technology and the PC media, university and other experts on Intel endowments, suspect HR recruiters represents an Intel mob some knowing, some keeping their heads down, others unknowing, or not wanting to know. Conditioned on Intel Corporation misrepresentations of material facts on law, that reverses truth, intent on conduct to conceal the organized crime infiltration of Intel Corp looting industry and when there were few easy values left to loot turned their attention to looting Intel Corporation 2001 through 2010, which escalated 2017 through 2022 administered by Intel's own executives. All of Bruzzone supposed Intel legal and security contacts for 28 years participate in this looting minimally through com-

**ORIGINAL CLAYTON ACT COMPLAINT**

placence, or incompetence, engaged in concealment of corporate theft and punish Bruzzone for speech and technically documenting this inter-nation theft in which Intel corporate security and legal department do what? Which appears to be nothing other than going after too shut up Bruzzone in his individual, States and federal official, injuring him in business.

## FACTUAL ALLEGATIONS

Claims and allegations of the proceeding paragraphs are incorporated fully set in.

**INDIVIDUAL CLAYTON ACTION** subject 15 USC §§ 5, 15 the §16 affirming decree where over 28 years plaintiff Bruzzone is maliciously harmed in his business by the defendant and associate opposition network's frivolous and vicarious conduct to conceal detective incompetence, executive and attorney participation in racketeering. Intent on conduct to conceal the organized crime infiltration of corporate enterprise Intel Corp engaged in monopoly, cartel, rackets, robberies in violation of Sherman, Clayton, RICO Acts. Affirmed on every next Intel Corporation adverse judicial and regulatory decision specifically EUCC 37.990 May 2009, and FTC 9341 Oct 2010, on the evolving evidence reviews, on every next adverse appellate decision finalizing on September 2023 EU T286/09 confirms "naked restraints" [combined cartel on contracts]. Affirmed again in November 2025 at EU T1129/23 remedially always stalled by Intel attorney's attempting to reverse facts on fault ridden constructions attempting to run Clayton Act, Federal False Claims and RICO Acts statutes of limit. Engaged in their every next predicate act to swindle do tamper with Bruzzone a federal and states witness operating in federal agency documented across a series of repeating FRCP 60(b)(3) District Court frauds that vex to SLAPP Bruzzone in four Courts in two federal districts pursuing his FTC enlisted and USDOJ contracted Intel Corp

**ORIGINAL CLAYTON ACT COMPLAINT**

9

auditing and monitoring assignments. Does mark too paint Bruzzone **as a target for hunting**, causes injury in-business, while exposing Bruzzone to the threat of physical harm.

Both knowing and unknowing actors participate in the hunt including federal and state, and municipal law enforcement, corporate attorneys, corporate and private detectives, their informants, hooligans and industrial spies who Intel Corp and associates incite and send after Bruzzone to deflect, detract, oppress, frame and set-up in constructions. Specifically meant to portray federal and states witness Bruzzone as unbelievable intent on conduct to conceal the organized crime infiltration of Intel Corporation, the industry, and proximate enterprises including ARM USA Inc., caught up, and in ways, also engaged in inter nation antitrust, rackets, robberies and espionages on the environment unregulated x86 monopoly creates around everything and everyone this environment consumes. Dr. Gordon Moore, among the founders of Intel Corp in luncheon with Bruzzone in1994, described the environment as "dog eat dog". On actual industry practices through phases of operations 1984 through 1992 industry power centers determining their monopolization of the x86 personal computer market, 1993 through 2001 channel build out of the PC market where communist, national socialist and Silicon Valley bund operators merge into a new form Fascism. Seeing Intel Corporation as an unregulated monopoly presents a glowing digital attractor advertising 'organized crime is welcome here' in a merging of Asia Pacific communist, Western hemisphere industrial mobs, and European syndicate operations are not democratic capitalistic but post World War ll and Cold War industrialist cartels seeking to regain control parading as compliments, operating on their own rules which are not the laws of the United States but of industrial trade organizations that tend to present a hoodlum's law that consumes all or your out. Where money is concerned present's the dog-eat-dog Dr. Moore knew which was not Bruzzone's world making him an outlier including refusing too participate as a thief.

**ORIGINAL CLAYTON ACT COMPLAINT**

Intel Corporation CEOs including Andrew Grove, Craig Barrett, Paul Otellini, CFOs Bryant and Smith, Chief Legal Officers A Miller Boise, Steven Rodgers, Susie Giordano, Douglas Melamed, Bruce Sewell, VP and Associate General Counsel Antitrust Evangelina Almirantearena, associate attorneys of McManis and Faulkner Law Intel Corp white collar defense counsel, Intel Corporate security personnel Steven Lund, Dave Small, Mark West, Raphael de Los Santos, Abel Tenorio, Dan Winter ,Joseph Cefalu, Pete Allenbaugh and Secret Service Affiliate Harley Stock each of them and all of them purposely knew the corporate political power of Intel Corporation for 28 consecutive years to conceal their own incompetence and or their proximity and or participation in and to cover up the organized crime infiltration and ultimately the looting of Intel Corp. Acts always extremely harmful to Bruzzone who is a primary witness and federal agent enlisted by Federal Trade Commission begins May 1998, by the California Department of Justice from 1999 through 2007, the US Attorney begins 2008 to investigate and document for US Department of Justice, Federal Trade Commission and United States Congress, Intel Corporation engaged in antitrust and rackets and the crimes Intel Corp and associates rely to mire and entrap Bruzzone corporate politically, intent to dissuade and deflect including back onto Bruzzone in their cover up.

That 28 year cover-up escalated at Bush ll administration under a Ridge HLS harm's many, Bruzzone immensely in his individual, and in his federal official, and in his business. While federal government turned toward Iraq, just before 911 it appeared to FTC Docket 9288 v Intel Corp technical aid Bruzzone that Intel Corp monopolization and disablement of commerce fact would be focused on for remedial address by the federal government, but not after 911 beginning a period in which retaliations targeting Bruzzone escalate following a 1998 or 1999 meeting and communications with Mr. Kourush Ken Hamidi who represented

**ORIGINAL CLAYTON ACT COMPLAINT**

an Intel employee grievance group known as 'Former and Current Employees' "Face-Intel". This meeting occurred following Bruzzone 1997 communications to Intel Corp, Bruzzone noticing field observations of anti competitive practices. After which Intel Corporation met with Bruzzone then manipulated Bruzzone to participate in a psychological conditioning regime pressed onto Bruzzone by Intel Corp attorneys, security and Secret Service affiliate Stock intent to portray Bruzzone as paranoid delusional and convince Bruzzone his factual observations of industrial spy operations and Intel antitrust violations was a mental disease which amplified into Bruzzone reactive resistance of a psychological conditioning attempt by Intel Corporation, Intel legal, Intel security and Intel associate agents.

The ability of Intel Corp albeit Cyrix Corp / Nat'l Semiconductor, ARM Holdings plc and ARM USA Inc, NexGen, Advanced Micro Devices, IDT Centaur are all proximate, or involved, from 1991 through 1998 intent to white wash over their own proximity and victimization from organized crime including infiltration and manipulation by industrial spies include employees, suppliers and in particular technology media concerns with their executives in publishing, space sales, content development, compliment advertising and public relations firms engaged in secure data theft some of whom are paid by Intel Corp through Intel Inside price fix. This mob sets up to deflect onto others, including Bruzzone, their engagement in corporate theft and cover ups and shut ups misrepresenting through 33 years falsely portraying Intel Corp as other than abusive monopoly engaged contractually in cartel combine where Intel Inside® tied charge back metering is **falsely certified** in 25 consecutive INTC 10K as cooperative advertising is other than a judicially affirmed price fix.

Bruzzone industrial espionage and Intel Inside price concern is first brought to the attention of the FBI by Bruzzone in 1996. Bruzzone brings Intel Inside and his observations

**ORIGINAL CLAYTON ACT COMPLAINT**

of spy networks to Intel Corporation's attention in 1997. Instead of Intel Corp addressing Bruzzone observations, correcting abusive monopolization, nascent racketeering and price fixing, Intel Corporation executives, corporate security and fixers chose to cover it up and their primary target is Bruzzone to shut him up which injured Bruzzone and many others in their business. For 32 years Intel Corporation legal department claims monopoly monitoring and correction under a 1993 USDOJ compliance order **is an Intel Corp false certification**.

On Bruzzone notice in 1997, Intel Corp focuses corporate, private, State and federal law enforcement onto Bruzzone and misrepresents him in malicious framings and pillaring that had already begun on Bruzzone ignoring recruitment as a secure data transfer bridge and on direct knowledge and observations falsely portrayed as someone he is not intent on conduct to conceal the organized crime infiltration of Intel Corp by goons taking over industry. Bruzzone unknowingly framed in thefts associated Cyrix, ARM Inc, NexGen and AMD. Generally, now tops 33 consecutive years of corporate politics to cover up engagements in antitrust, rackets, robberies, swindles and multipoint manipulative misrepresentations and criminals reversals which are frauds and deceits designed to conceal investigative records and on regulatory and judicial determinations some of which incorporate and or are aware. On Bruzzone primary and secondary research as "relator original source", federal and States and industry witness independent, and who has always refused syndicate advance to join up with them. So Bruzzone is surrounded and punished to cover up what he is aware; associates engaged in or proximate and even responsible for policing these crimes attempting to quash Bruzzone and make unbelievable which harms him in his antitrust and racket's investigative business. The investigative and remedial efforts Bruzzone is enlisted by the Federal Trade

**ORIGINAL CLAYTON ACT COMPLAINT**

Commission, CDOJ, contracted by the US Attorney and lettered by 30 sum-odd States AG to perform in his federal assignments which Intel Corp resists even under FTC Docket 9341 compliance requirements October 2010 through to today. Regardless Bruzzone continuous notice for Intel too correct 9341 consent order violations is met by Intel Corp's response which is every next Bruzzone framing, attorney's extrinsic collateral fraud to VEX, SLAPP and misrepresent Bruzzone by Intel corporate security and legal department do SWAT.

Intel Corp itself knowing Bruzzone had been targeted in surveillances and interrogations before 1999, and what Bruzzone describes as an ibansik conditioning regimes, mandate Bruzzone from 1999 through 2002 in psychiatric evaluations administering brain washing's lead by Stock, Berg, Gelbert, Forman, latter attempt by French too convince Bruzzone his witness to rackets and espionages is a figment of his imagination, a delusion, which Bruzzone rejected causing severe depression. Set him up for three assassination attempts, likely more and a poisoning as recent as 2017. Since 2001, Intel has kept Bruzzone caged on a stay away injunction renewed every 3 years from which Intel shoots at Bruzzone, from behind the stay away injunction, punishing him for a total of 25 of the 28 years which Bruzzone is federally and States retained in assigned tasks with those assaults occurring in the face of FTC, USDOJ, CDOJ, United States Attorney, FBI, CIA, Joint Chiefs, States AGs, US Congress, US Executive, EUCC, American Antitrust Institute and tens of Intel Corporation associate and opposing private law firms meaning to cause confusion that Bruzzone should not be supported in his federal and state assignments and physically beaten through abusive Court frauds into a submission, another form of attempted brainwashing of Bruzzone and all witnesses, which as always Bruzzone rejects and through civil litigation continues to expose.

**ORIGINAL CLAYTON ACT COMPLAINT**

14

In parallel and through 28 years Bruzzone is surrounded tactically by individuals from industry extending to his personal acquaintances engaged in information gathering and setting him up in framings. Some framings Bruzzone is aware and others suspect including IP theft, secure data, theft, executive threats, bomb threats on Intel Corp itself, engagement in contraband cross state borders and waterfront drug smuggling which Intel Corp and all of Bruzzone aforementioned employers extending to the Federal Bureau of Investigation and California Department of Justice personnel who Bruzzone interfaced are aware and covering up to conceal Bruzzone targeted as first hand witness to industrial espionage by a system of errors, on manipulations and phantoms, covering up an inter-nation economic espionage. Takes place in technology production design development specifically microprocessors and associate compute, manufacturing, production and distribution sales. A war for the control semiconductors, x86 processors, competitor's processors, compute substitutes and replace-ments, communications, and all associated technologies for refusing to join in as a criminal or joining and keeping his head down or as insurance emulating gangsters. The odds of being flushed in an unknowing framing and ending up in prison were just too high. So instead Bruzzone is framed anyway, unknowingly, and law enforcement sent after him caged by Intel and associates opposition network in debilitating false light to cover up and deflect the organized crime infiltration on Intel Corp on to Bruzzone as delusional and obsessed.

From the day in April 1997 Bruzzone notices Chief Executives of Intel Corporation his field observations as a competitive employee their enterprise operations engaged in anti-trust and racketeering Intel Corporation knowingly administered through detectives and law enforcement a multipoint influence manipulation to target Bruzzone whatever it took to shut

**ORIGINAL CLAYTON ACT COMPLAINT**

Bruzzone up even if it killed him. This treatment spread to others apparently if it's okay for Intel its okay for everyone else to go after Bruzzone focusing all the law enforcement power of the United States on a single patriot meaning to destroy him in his business so Intel Corp. executives, board members and the institutions that support them many on Intel endowment could claim that Intel Corporation is not an abusive monopoly and there have been no harms to anyone. Where in fact Intel Corporation is a national thief attempting to continue it opera-tion's beyond the federal power, beyond legitimate law enforcement, and on its rules so the thieves inside Intel Corporation can continue their racket, robberies, looting and skimming, attempts to escape arrest and prosecution proximate and engaged in racketeering.. It has been through FTC 9341 monitor Bruzzone reports that Intel executives apply for USDOJ amnesty and immunity program so how many have? The hypocrites can be discovered.

## SPECIFIC CLAIMS with LAW ARGUMENTS INCLUSIVE

Bruzzone is the federal and States original witness source of Intel Inside® tied charge price fix, and an eye witness to rackets occurring in the markets for x86 microprocessors for 33 consecutive years. Begins FTC Docket 9288 v Intel Corporation continuing attorneys discovery aid, systems analysis, production economist, Docket 9341 consent order monitor has had enough of Intel Corp. attorneys in particular misrepresenting Bruzzone in Court and in the public forum as "delusional" a "frivolous vexatious litigant" said by Intel Corporation of "merit-less" inter-nation antitrust determinations intent on conduct to cage, punish, pillar, taking from Bruzzone his reputation, profession, business, prospect economic advantage, his life for their purpose of covering up Intel Corp enterprise marketing and sales systems and participating media that through their propaganda, brainwashes, conditions the masses into submissions how tech economic terrorists disabled commerce for 33 years in an economic

**ORIGINAL CLAYTON ACT COMPLAINT**

16

espionage. Debilitating too Intel Corp, industry, society, the United States, all States, all citizens, 6.1 billion Intel Inside® branded PC end buyers robbed of approximately $46.5 billion over 31 year's includes Bruzzone and all afflicted which is everyone. This method of Intel associate opposition network remote control implants 28 U.S.C. § 455 prejudice capable of not only disabling commerce but the United States justice system itself established on Intel Corp FRCP 60(b)(3) frauds on many courts has caused a total negation of Judicial Cannons 1, 2, 3, 5. Seen in the fraudulent acts of Intel attorneys throwing at least 24 Judges frivolous motions then tied to erred are abusive orders and judgments effecting Bruzzone and Intel Inside® price fix class taking Constitution 5th, 14th and all individual civil rights; 42 USC §§ 1981, 1985; *Griffin v Breckenridge,* 403 US 88 (S.Ct.1971) to recover a robbery.

Between 2013 the year Intel Corp for the second time attempts to arrest Bruzzone in attendance at industry conferences; **1)** 2012 at Semicon West Executive mixer; **2)** 2013 at Data Center Alliance learning conference, 3**)** successfully in 2014 at Arm Techcon, **4)** Most recently the Sept 4, 2025 SWAT and through Judges Alsup, Hamilton, Gilliam Jr. District Courts in Northern California District, Nunley Court in Eastern California District, where Bruzzone representing the United States on two explicit qui tam contracts let in 2008 and 2013, on 30 sum-odd States AG acknowledgement including California Department of Justice work report March 2000 through June 2007, for self and all Intel Inside® price fix afflicted which Bruzzone is among. In response, Bruzzone is targeted by Intel Corporation in four vexing lacking cause, two lacking hearings, all of which defendants are estopped from seeking on such Court orders at 15 USC §§ 5, 15, 16. Where the Oct. 2010 FTC 9341 consent order whom Bruzzone is consent order monitor "operates as final judgment", *Jeff D v Kemp-thorne*, 385, F.3d, 844, 850 (9th Cir 2004) as a "judicial decree", *Slaven v Trading Trans-*

**ORIGINAL CLAYTON ACT COMPLAINT**

*port Co., Inc.*, 146 F.3d 1066, 1070 (9th Circuit 1998). Bruzzone through this entire period enlisted by the FTC and United States Attorney subject 5 USC § 555(b) §701 – 706 is withheld federal attorney, in the form of representation to combat tech mobsters subject *Bivens v Six (Un)known Narcotics Agents*, 403 U.S. 388 (1971) denied Constitution 5th equal protection and 6th attorney representation on Bruzzone operating in federal civic service. In the State of California pursuant 14th amendment due process failure the same subject *Dwares v City of New York* 985 F.23d 94 (2nd Cir 1993) delivering the foremost civil rights case in the United States targeting 6.1 billion people to deny their equal protection, sustentative due process, and their civil rights to recover a $46.5 billion dollar robbery from them; *Griffin v Breckenridge,* 403 US 88 (S.Ct 1971) and *Grenada Lumber Company v Mississippi*, 217 US 433 (S Ct. 1910) subject 42 USC §§ 1981, in-State 1983, 1985, 1986 an industrially led corporate political conspiracy to seize, take, quash and deny all individuals their civil rights.

Intel Corporation from October 2010 through September 2023 was never in compliance with FTC consent order continuing Intel Inside price fix and while attempting to conceal and reverse EUCC 37.990 on appeal so noticed by Bruzzone now going on fifteen consecutive years. Does lash out at Bruzzone for performance in his federal assignments to SLAPP relying on their associate opposition network ability to construct Bruzzone into their frivolous vexatious litigant; see NCAD 14-01279-WHA pre-Clayton Motion to Vex Doc 61 so ordered at Document 88 claiming Bruzzone federal assignments as merit-less, subsequently makes Bruzzone into their frivolous vexatious harasser. Bruzzone continues his resistance to expose Intel attorney and jurist frauds at Doc 103 and 104, 105 and 106, 107, 108, 109, 114, 115, 117, 118, 119, 141, 145, 146, 148, 154, 156, 169, 170, 171, 173, 174, 175, 177, 178, 179, 180, 181, 183. Where defendant's primary tactic perpetrating frauds

**ORIGINAL CLAYTON ACT COMPLAINT**

on all afflicted falsely portrays Federal Trade Commission and European Union Competition Commission finding Intel Inside 'price fix' fact said by Intel Corp merit-less and frivolous comes back to haunt them. On Intel false claims and false certifications, in moving papers, to damn Bruzzone federal and States witness relator original source. By slandering Bruzzone vexatious in the court record knowing that act would libel Bruzzone in the public forum. Which destroys Bruzzone the Docket 9288 v Intel technical aid, and Docket 9341 v Intel monitor in his Clayton Act business. Took Bruzzone out financially, caused and promoted confusion, boycott, intended to stall the administration of justice on "a baseless contention made for ulterior purpose", "that Intel Corp is not an abusive monopolist and has harmed no one" harassing Bruzzone to delay. *Ford v Temple Hospital*, 790 F.2d 342, 373 (3rd Circuit 1985) caused Bruzzone business injury and continues to threaten Bruzzone in his business both individually and financially and in his federal official.

"Inherent power of a federal court to investigate whether a judgment was obtained by fraud is beyond question." *Universal Oil Products Co., v Root Refining Co.,* 328 U.S. 575, 580 (1946) (*citing Hazel-Atlas Glass Company v Hartford Empire Company*, 332 U.S. 238 (1944). "[a] party demonstrates bad faith by delaying or disrupting litigation", *Primus Auto. Fin. Services Inc., v Batarse*, 115 F.3d 644, 648 (9th Cir 1997), to prevent an officer of the United States from performing his / her duty, [in a] corporate political conspiracy to obstruct justice in federal and state courts, intended too deprive victims of their equal protection, privileges, qualified immunities"; *Kush v Ruteledge*, 460 U.S. 719, 103 S Ct at 1487 (1983). Actions that constitute frauds upon the court, or that cause "the very temple of justice [to be] defiled" are sufficient to support a bad faith finding." *Chambers*, 501 U.S. at 46; Under Federal law "the court may at anytime set aside a judgment

**ORIGINAL CLAYTON ACT COMPLAINT**

for [after] discovered fraud upon the court – the orders and judgment of that court are VOID, of no legal force or effect"; *Hazel-Atlas Glass v. Hartford Empire*, 322 U. S. 238 (1944).

Defendants and opposition network typically construct facts to fit their false claims by reversing material facts on law typically what is "with merit" *Joseph Naccarato v New York State Tropper William Oliver,* 882 F.2d at 446; Bruzzone acting on good cause which are **six** supporting inter-nation affirmative antitrust determinations; In 2005 Japan Fair Trade Commission v Intel limiting the use of competitor microprocessors in exchange for Supplier and Dealer monetary rebates found in violation of the Japan monopoly act and in 2008 South Korea Fair Trade finding same.

May 2009, EUCC 37.990 v Intel finds "Intel Inside [price fix] unnecessarily raising price lacking efficiency justification", and in October 2010 FTC v Intel 9341 15 USC § 5 finds same. Thereafter, 9341 consent order Part IV(A)(1)(7) bans the system mechanics of Intel Inside inventory metering of product sales out of channels for administrative fees and similar payment systems tied to processor purchases for channel sales push.  However, Intel Corp continues Intel Inside in violation of 9341 consent order under Bruzzone notice to correct through 2018 after which Intel Inside goes underground continuing through 2023. Intel Corp makes an example of Bruzzone punishing him for his notices to correct both 9341 and INTC 10K false certification and corresponding SEC infringement on attorneys FRCP 11 frivolous motion practice brazenly subject 15 USC §§ 5, 16 FTC consent decree estoppel implementing 60(b)(3) extrinsic collateral frauds on four Courts in two Districts intent to quash Bruzzone, to make unbelievable libels and injures Bruzzone in his business.

In Sept 2023, Intel v EU General Court T286/09 RENV appellate decision reaffirms EUCC 37.990 and FTC 9341 original decisions Intel Inside and similar 'rebated fee' and

**ORIGINAL CLAYTON ACT COMPLAINT**

processor through sale's channels tied charge reward systems "unnecessarily raising processor and processor integrated into computer price lacking efficiency justification". EUCC specifically finds in 37.990 and confirms in T286/09 Intel Corp operating laterals of supply and distribution sale's channels as cartel combine on Intel Corp contracts raising end buyer price illegally. In the United States pertinent *US v Apple Inc.*, 952 F. Supp, 2d 638 (SDNY 2013) contracts in cartel combine raising price; *Appalachian Coals Inc. v US* 288 US 344 (S Ct 1933) tied charge incentives that are build out route fees as restraints; *US  v National Association of Real Estate Boards* et al, 399 U.S. 485 (70 2.Ct. 711, 94, L.Ed 1007) fixing the channel administrative fee paid by Intel for registered metering of processor sales out of channel inventories, *United States v Trans-Missouri Freight Association*, 166 US 290, 17 S.Ct. 540, 41 L.Ed 1007 (March 22, 1897) fixing prices generally in interstate commerce; *American Column & Lumber v United States*, 257 U.S. 377 (1921) relying on a compliment industry signaling system for managing Intel microprocessor and computer inventories sold through cartel sales systems for Intel paid administrative fees all of which are cost offset to end buyers in the price of their Intel processor and processor integrated into a computer system purchase price totals on FTC 9341 and INTC 10K an easily discoverable $46.5 billion.

December 10, 2025 subject Intel continuing EU appeal is again affirmatively decided at T1129/23, Intel Inside is an unnecessary 'naked cartel contract restraint'; raising PC price. EU's current $278 million dollar abuse fine which Intel has dickered down from $1.2 billion for the years 2002 through 2006 currently represents a paltry 2.648% of all Intel Inside price fix channel administrate fees paid by Intel for 2002 through 2006 at $10,500,000,000 **known falsely certified** in INTC 10Ks which if applied to all of Intel Inside registered metering fees paid over 31 years would be $1,229,000,000. The total sum is important because a low ball

**ORIGINAL CLAYTON ACT COMPLAINT**

affects all States of the United States recovery. From 2010 through 2023 alone the period in which Intel Corporation violates FTC 9341 consent Order at part IV(A)(1)(7), Intel Inside® total payments equal $20,510,500,000 that is 44.2% of the 31 year total consumer robbery.

Bruzzone FTC attorney enlistments begin in May 1998 supporting v Intel Docket 9288. From 1999 – 2007 CDOJ enlistment too document Intel Inside as 15 USC § 1 contract in combination. Intel operating cartel combine on contracts is found repeatedly in all 2005 through 2025 inter-nation antitrust determinations. Where Bruzzone United States Attorney assignments on explicit federal contracts to recover Intel Inside® price fix unnecessarily raising processor component, and processor in PC price lacking efficiency justification", is "good cause" *Molski v Mandarin Torch Restaurant, 347* F. Supp. 2d 860 at 864, (CD Cal. 2004) which Bruzzone pursues never sleeping on his federal assignments and State's letters acknowledging relator original source is punished by Intel Corp regardless slandering in the court record perpetrating extrinsic frauds on the Court, and on Bruzzone, to libel Bruzzone in the public forum as "frivolous vexatious harasser obsessed with Intel" claming "merit-less government determinations" injures Bruzzone in business are his federally assigned tasks.

On his assignments Bruzzone operates "in good faith", *Justin Ringgold-Lockhart; Nina Ringgold v County of Los Angeles*, No. 11-57231, D.C. No. 2:11-cv-01725-R-PLA (9th Cir 2013). Where defendants fraudulent reversals and the tying of abusive Court orders on every next Intel Corporation extrinsic collateral fraud means to screen Intel Corporation from searching examination, confrontation, who is the actual "patently frivolous and haras-sing detractor", who is Intel Corp "perpetrating an injustice"; *Meadows v Bakersfield S & L Assn.*, 250 Cal.App., "rigging the justice system", *Hale v State Farm Fire and Casualty Co.*, 2:2020-cv-1688 (WD of Ill.2020). This pattern of conduct is meant to seize, strip and

**ORIGINAL CLAYTON ACT COMPLAINT**

take from Bruzzone his United States 1st, 4th, 5th, 6th, 9th and 14th amendment guarantees and individual civil rights. Subject all afflicted Intel Inside® branded PC buyer's their U.S. 5th and 14th amendment guarantees to equal protection, sustentative due process, individual and group civil rights to recover a consumer price fix robbery affects 6.1 billion PC Buyers.

Bruzzone combating the original vexing order now at NCAD 18-01235-PJH Motion to Vex Doc 17 so ordered at Doc 58 canceling the required hearing. Bruzzone continuing resistance to expose Intel Corporation FRCP 11.1 frivolous motion practice implementing FRCP 60(b)(3) extrinsic collateral frauds on Courts, the United States, States of the United States, the people and Bruzzone at Doc 85, 90 – 95 and 103 confirms a repeating structural prejudice both 28 USC § 455 and 28 USC § 2255 subject seizure 1st, 4th, taking 5th, 6th, 9th and in-State 14th US Constitution guarantees caging Bruzzone unconstitutionally implementing the malicious prosecution of an individual citizen and Federal civil servant doing his job, performing in his assigned tasks, and where federal actors attempt to erase those tasks.

Next ECAD 21-cv-01539-TLN Clayton Action #1 for the people is dismissed for not stating a cognizable claim albeit does state cognizable claims. Intel Motion to Vex at Doc 7 resisted at Doc 18, ordered at Doc 20 followed by Bruzzone continued resistance too expose Intel Corporation FRCP 11.1 frivolous motion practice implementing FRCP 60(b)(3) frauds on Courts, the United States, States of the United States, the people and Bruzzone.

Note ECAD 21-cv-01539-TLN follows an earlier East California 18-cv-0865-KJM-DB originally a U.S. Constitution 1st, 4th, 5th taking controversy subject 42 USC § 1981, 1985 civil rights conspiracy attempting to escape Intel Corp and ARM USA Inc, FRCP 60(b)(3) attorney frauds reoccurring in Northern California District and Santa Clara County Superior which is essentially a libel action causing blacklist and group boycott of Bruzzone in his

**ORIGINAL CLAYTON ACT COMPLAINT**

business. On first amended articulates defendants FRCP 60(b)(3) frauds falsely portraying Bruzzone "vexatious" and at 2nd amended attempts to make claims clearer albeit dismissed for not stating a claim although Clayton 15 USC § 15 harms in business claim is made in 1st amended but not articulated well  What 0865 does accomplish is to document the Intel Corp and associate ARM Inc, extrinsic frauds expanding from one Federal District to another falsely portraying Bruzzone vexatious on inadequate claims rolled over from all prior vex-ing which they are estopped subject FTC 9341 at 15 USC § 16 . ARM USA Inc. moves to vex at Doc. 5 and 8. Intel moves to vex at Doc 28. Arm USA Inc. moves to vex again at Doc 35. There is no 'vexatious' hearing. Ultimately the matter is dismissed for failure to state a claim at Doc 51 so ordered at 54. However defendant's motion to secure a vexatious litigant order is denied albeit Bruzzone warned so the Court missed being deceived?

NCAD 22-06412-HSG Federal Tort Claims Action names federal employees who are Bruzzone qui tam contract officers at US Attorney and GSA San Francisco engaged with their prime contractor Intel Corp jointly engaged in federal theft and related impropriety "presenting and causing" Intel Inside PC procurement 'price fixed' cost-charged purchase receipts for federal payment subject 31 USC § 3729(a)(1)(A)(B)(C)(G); California Civil 18 USC § 641 from federal agency and § 666 theft of federal program funds, at PC § 484 petty theft and PC § 487 grand theft .Bruzzone is harmed in business on Intel Corp opposition network and federal employees methods attempting to shut Bruzzone up that unnecessarily costs him his business, federal and Intel Corporation employees demonstrating more than mere neglect; *McNeil Pharm v Hawkins*, 686 A.2d 567, 578 (DC 1996). At Doc 19 Motion to Vex, United States Attorney relies on Intel Corporation's prior vexing orders and Bruzzone legitimate attempts to expose their joint conspiracy, reiterates at Doc 27, requisite hearing

**ORIGINAL CLAYTON ACT COMPLAINT**

cancelled at Doc 33. Bruzzone is vexed for the fourth time with the equivalent affect of a California SLAPP that vexing ordered at Doc 38. For 15 years Bruzzone has been denied his U.S. Constitution and individual civil rights to adjudicate an Article lll civil controversy and at 15 USC § 15, 16 has been destroyed by a corporate political machine on the vagaries of California Intel's headquarters State which has consumed Ninth Appellate on the invented realities or Intel Corporation infiltrated and taken over by political network crime including to conceal the looting of Intel Corporation known in 2001, visible in 2010, escalating 2017 through 2022. Through this entire period Bruzzone documenting, noticing, reporting on the evolving situation enlisted, acting and operating in federal agency is being attacked in his individual and federal official by Intel Corp and associate opposition including a jurist network engaged in frauds, seizures and takings, injures everyone in their business..

First vexing at 14-01279-WHA which leads every next vexing on Bruzzone attempts to expose defendant's frivolous motion practice and extrinsic frauds, subject CCP 391(b), is found adequate by Judge Alsup on *Molski* and *Ringgold* Bruzzone's three evolving federal qui tam filings in 2008, first amended in 2009, evolved in 2013, all of which were attorney represented before US Attorney non-intervention, and the 2013 qui tam private attorney represented. Bruzzone finds it ironic that Intel Corp as that very qui tam defendant relies on qui tams Bruzzone is contracted by the US Attorney in 2008 and 2013 to represent relied as their basis for claiming Bruzzone 'vexatious' **is retaliatory under Whistleblower Act.**

From 1999 at 15 years earlier than 14-1279 Intel Corporation relies on an attorney represented Santa Clara County Superior 99-779409 matter said won pursuant Intel Corp. interference in Bruzzone prospect economic advantage. This matter ordered Bruzzone placed under the Intel Corp stay away injunction which is then relied by Intel to shoot at Bruzzone

**ORIGINAL CLAYTON ACT COMPLAINT**

25

from behind said injunction and as of this Clayton Action for 24 years definitively inter-feres in Bruzzone federal antitrust assignments and prospect business advantage meant to misrepresent to the unknowing including law enforcement Bruzzone made into a target for persecutory prosecution by a mob. Means to scare away private attorneys from represent-ing Bruzzone, relies on harming Bruzzone in his business as Intel Corporation's example to threaten private law practitioners, also fearing made into targets, sanctioned, being de-stroyed in their individual, in their family, and in their business just like Bruzzone.

From 2011 a pro se lost civil matter Santa Clara # 11-213829 for interference in Bruzzone prospect business where one lost case matter in 7 years does not constitute at CCP 391(b) or *Molski* or *Ringgold* a vexatious litigant. Generally Bruzzone is performing in the job federal and State attorneys assigned him. At Federal Trade Commission v Intel Corp Docket 9288 who enlisted is Mr. Robert Cook, at FTC Docket 9341 v Intel is FTC Chair Mr. William Kovacic and Chief Litigator Mr. Robbie Robertson, at California Dept of Justice investigation of Intel Corporation are Mr. Richard Frank and Mr. Thomas Greene under direction of State Attorney General Mr. Bill Lockyer, pursuant US Attorney is Chief Attorney Mr. Joseph Russionello, Mr. Edward Olsen Assistant US Attorney and Ms. Sara Winslow Chief Civil. One of the issues over 28 years is that corporate racketeers and their industrial spies are good at administering multipoint influence manipulations and Bruzzone attorney contacts churn over time, or are taken in by the same Intel Corporation methods of constructing invented realities relied to falsely portray Bruzzone initially as delusional and then as a frivolous vexatious harasser, which injures Bruzzone in his business enlisted by the federal government at 15 USC § 5, 15, 16, 22 and 31 USC §§ 3729 – 3333. Intel also

**ORIGINAL CLAYTON ACT COMPLAINT**

26

frames Bruzzone as dangerous and Bruzzone is dangerous to the racketeers and detectives who are framing Bruzzone will see them arrested, prosecuted and imprisoned.

Intel Corporation interfering in Bruzzone assignments then spreads from California to other federal districts; the Judge Ebinger for the people Clayton attempt Number 2 South District of Iowa 22-cv-00430 similar ECAD 21-01539-TLN is dismissed for no claim in the face of at that time four inter-nation affirmative decisions include FTC 9341 and EUCC 37.990 and subsequently T286/09 supporting that at the time in 00430 is new evidence.

In the District of Columbia Tucker attempt Number 1 at Judge Holt Court of Claims 21–1261 dismissed like FTCA Number 1 NCAD 22-06412-HSG for no federal jurisdiction in Tucker and Tort claims controversies respectively in Federal District Court. Continuing in District of Columbia FTCA number 2 at Judge Mehta District Court D.D.C. 25-00529 dismissed as "patently frivolous, fantastic delusional" which sounds like all the Doctor Quacks. What do all these case matters have in common?  First, Judges who at one time worked for Intel Corp legal department affiliate 'outside counsel'. Two, secured their Juris Doctorates from Stanford, California Law, University of Santa Clara or other law schools located in Intel Corp States of manufacturing operations. Three, can be traced to association with Ninth Circuit Appellate or among related fraternal organizations and through associate networks are connected, know each other, in methods that appear corporate political for the purpose of protecting Intel Corporation, robbing Intel Corporation, robbing society, robbing the United States, States of the United States, citizens of the United States and Bruzzone caught up in the historic glory of the Intel social myth, an invented irrationality that warps.

Makes everyone the target of Intel Corporation and associate opposition network frauds knowing their fraudulent intent; *Tanner v United States*, 483 U.S.107, 130 (1987),

**ORIGINAL CLAYTON ACT COMPLAINT**

*United States v Starr*, 816 F.2d 94,98 (2nd Cir. 1987) on the scheme itself " having in view a purpose", *United States v Gabriel*, 125 f.3d 89.97 (2nd Circuit 1997); defendants for 28 years misrepresenting Bruzzone subject 18 USC §§ 1001, 1512,1513, 1516, 1962 and for the prior decade framing Bruzzone lacking cause in fact estopped at 15 USC §§ 5, 16 but still slander in the court record to libel in the public forum promoting Bruzzone blacklist, boycott, harms in business promoting false claims and false certifications in moving papers to create their "vexatious litigant harassing Intel Corporation" on the knowledge of their false claims; *U.S. v Guadagna,* 183 F.3d 122, 129 (2nd Circuit 1999), "Deliberately shielding themselves from evidence of critical facts strongly suggested by the circumstance" on six affirming inter-nation antitrust decisions from 2005 through 2025, that Bruzzone original 1993 through 1998 Intel Inside price fix claims are true as structurally and systematically claimed affirmed by United States, European Union, Japan and South Korea Competition tion authorities. Thereafter, if Bruzzone and lawful class were allowed discovery yet are denied equal protection would "render them [McManis and Faulkner representing and their client Intel Corporation] guilty of a crime "; *Global Tech Appliances, Inc. v SEB SA*, 563 U.S.754, 766, 131 S.Ct 2060, 179 L.Ed 1167 (2011); "demonstrating willful blindness"; *U.S. v. Gurary*, 860 F.2d 521, 526 (2nd Circuit 1988); "punishable as principle", *United States v. Nolan,* 136 F.3d 265, 272 (2nd Cirt 1998). "Permits a jury to find that defendant(s) had culpable knowledge of a fact when evidence shows that the defendant(s) intentionally avoided confirming those facts", *US v Kozeny,* 667 F.3d 122, 132 (2nd Circuit 2011)

Specific Intel Corporation repeatedly and unwarrantedly libeling Bruzzone vexatious in their headquarters State of California, at the State and federal District levels, concealing participating in multiple Intel Corp associate opposition network SLAPPS meant

**ORIGINAL CLAYTON ACT COMPLAINT**

to portray Bruzzone unbelievable, in order to conceal their lootings of Intel Inside branded PC buyers, the United States, States of the United States, industry, Intel, and the original relator original source on first to file bar, an act harmless when done by one may become a public wrong when done by many in concert; *Grenada Lumber Company v Mississippi*, 217 U.S. 433 (Supreme Ct. 1910) "amounts to deprivation of property without due process within meaning of the 14th Amendment". Under Anti-SLAPP if [a vexatious] motion is granted and respondent demonstrates that the petitioning parties brought their claim for the purpose of squelching speech, for harassment, too inhibit a public party's participation on conduct does interfere with party's exercise of protected constitutional rights, having wrongfully injured the party, the court shall award for actual damages "amounts to deprivation of property without due process within the meaning of the 14th Amendment"; *Grenada Lumber Company v Mississippi*, 217 U.S. 433 (Supreme Court 1910).

Property fraud statues "reach any scheme to deprive another of money or property [or valuable information] by means of any false, fraudulent pretense, representations, or promises"; *Carpenter v United States* 484 U.S. at 27, 108 Supreme Ct., 316, 98, L.Ed 275 (1987); "Depriving victims of valuable economic information", *United States v Wallach*, 935 F.2d 445, 463 (2nd Circuit 1991). Critical economic, financial and other "material information" see *United States v Holzer*, 816 F.2d 304, 307 (7th Circuit 1987), concealing corporate information that is public; *United States v Dinome* at 1258, and among Bruzzone's many federal responsibilities and States expectations.

Docket 9341 consent decree at 15 USC § 16 satisfies that Bruzzone pleads factual content reasonable to reasonable person that allows the court to draw reasonable inferences

**ORIGINAL CLAYTON ACT COMPLAINT**

29

above the speculative level that Intel Corp and associate opposition network are engaged in a network racket on their every next predicate act of swindle to cover up abusive monopoly, antitrust and rackets violations injures Bruzzone the 31 USC §§ 3729 – 3333 relator original source on first notice in 1996, file bar in 2008 assigned explicit federal contracts to recover Intel Inside price fix. Who beginning in May 1998 is enlisted by FTC attorneys as 15 USC 5 technical aid. On March-April 1999 notice in 2000 lettered to work with California Dept. of Justice to document Intel Inside® as a cartel violation on combining contracts an assignment Bruzzone has been engaged 28 years. In 2009 enlisted again supporting FTC 9341 v Intel as discovery aid, Intel and channel systems analyst, as Intel production micro-economist and in 2010 as 9341 consent order auditor monitor is continuously injured in his business targeted by Intel Corp who paints Bruzzone as a target on bounties including representing counsel McManis and Faulkner paid to prevent recovery of stolen monies leads an associate opposition network liable for the misconduct alleged"; *Bell Atlantic v Twombly, 550 U.S. 544 at 555 (2007)*, *Ashcroft v Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173, L.Ed. 2d 868 (2009), *Griffin v Breckenridge*, 403 U.S. 88, 102, 91, S.Ct., 1790, 1798, 29 L. Ed.2d, (1971) and addressable, *Lujan v Defenders of Wildlife*, 504 US 555, 560-61, 112 SCt 2130, 119 L. Ed. 2d 351 (1992), *Klapprott v United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949)

Bruzzone is made the target of a malicious prosecution of a federally protected party "exercising political and legal rights" *Wilcox v Superior Ct.*, 27 Cal. App. 4th 809, 33 Cal. Reptr 2d 446 (1994), being "punished for doing so"; *Batzel v Smith*, 333 F.3d 1018 at 1024 (9th Cir. 2003), "on conduct that furthers such rights" *Hilton v Hallmark Cards*, 599 F.3d 894 (2010). Where defendant's and associate network false claims are "made with malice lacking cause"; *Stewart v Sonnenborn*, 98 U.S. 187 (1878) for "improper purpose", *Alber-*

**ORIGINAL CLAYTON ACT COMPLAINT**                    30

*tson v Raboff*, 46 Cal 2d 375, 383, 295 P.2d 405, 410 (1956), exposing Bruzzone acting in federal service to hatred, contempt, ridicule, shunning, injures in his occupation defendants knowing the falsity of their assertions given their "high degree of awareness there probable [actual] falsity" *Masson v New Yorker Magazine* (1991) 501 US 496, 510 [111 S.Ct. 2419, 115 L.Ed.2d 447], see also *St. Amant v. Thompson* (1968) 390 U.S. 727, 731 [88 S.Ct. 1323, 20 L.Ed.2d 262]; *New York Times v. Sullivan* (1964) 376 U.S. 254, 279–280 [84 S.Ct. 710, 11 L.Ed.2d 686].

"The District Courts order(s) is beyond dispute" says McManis and Faulkner in their October 15, 2024 Motion for all Vexing Affirmance subject Bruzzone Ninth Circuit 24-5591 appeal. That act again documents defendant's reversing who is frivolous and harassing. So tolls every next predicate act of attorney's fraud in this continuing matter of abusive 60b dismissals, barring redress; *re Zimmerman*, 869, F.2d, 1126 - 1128 (8th Cir. 1989); "through the usual channels"; *Ackermann v United States* 340,U.S. 193, 199-202, 71 S.Ct., 209, 212-214 95 L.Ed 209 (1950) subject *Bauman v United States Dist. Court*, 557 F.2d 650, 654-55 (9th Circuit 1977) Bruzzone is severely prejudiced. By "misapplying the law and introducing sweeping 'new law' into our jurisprudence that may well come back to haunt us", *Caperton v A.T Massey Coal, Company*, 556 US 868 (2009), by making Bruzzone into their vexatious litigant and always lacking cause in fact estopped from doing so subject 15 USC § 16 and Bruzzone qualified immunities as a minor federal official. Prevents Bruzzone from fully and fairly presenting his case; *Page v Sandbuilte* 91 F.2d 1108- 1109 (8th Cir 1990). Too ensure that "those who have been prevented from obtaining the review to which they are entitled [are] not treated as if there had been a review"; *Camreta v Greene*, 563, U.S. 692 (2011). *US v Throckmorton* 98 US  61 [25 L. Ed .93] quoting *Clark v Clark*, California Appellate,

**ORIGINAL CLAYTON ACT COMPLAINT**

31

4th District, September 5, 1961 pursuant *Pico v Cohn*, 91 Cal. 129 [25 P. 970, 27 P. 537, 25 AM. St.Rep.159, 13 L.R.A. 336] "we think it settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony; unless it can be shown that the jurisdiction of court was imposed upon or prevailing party, by extrinsic or collateral fraud, has prevented a fair submission of the controversy".

Intel Corporation, and counsel McManis and Faulkner, were aware their white collar crime defense strategy of stalling to run Clayton, Federal False Claims and the Racketeering Infiltrated Corrupt Organizations Acts could boomerang back onto them as Bruzzone pursued his federal assignments. Educating him self in the law. As Intel v European Union appeal T-286/09 came to its September 2023 affirming judgment validating FTC 9341 condemnation of tied charge systems including Intel Inside contractually tying Intel Corporation to its lateral of PC Dealers, tied to lateral of distribution sales, tied to lateral of PC media affiliate sellers, tied to lateral of all retail end sales outlets in matrix monopoly to disable commerce operating abusively in Intel Corporation cartel combine again affirmed on Intel appeal in the EU at T1129/23 .Bruzzone is perfectly capable of filing for discovery another Clayton Action extending to all the people if Intel Corporation does not concede. Where among the primary issues include Intel legal caught engaged for 33 years in cartel contract approvals, INTC 10K false certifications, knowing the committing of financial frauds. Subsequently, through 28 years target Bruzzone through vicarious that are malicious directed retaliations intent on conduct to make unbelievable that ultimately resulted in allowing to enable the accelerated looting of Intel Corp between 2010 and 2022 and as if a part of that plan which is why Intel executives engaged in this scheme are ding dongs, not Bruzzone or any of the constituency Bruzzone is among; lawful class v Intel unlawful assoictes.

**ORIGINAL CLAYTON ACT COMPLAINT**

On the boomerang effect of Intel Corporation knowingly engaged in frauds on many courts and all of the people, Bruzzone now hold Fasces and the Sword of Damocles now hangs over all who have injured everyone thinking they could get away with this corporate industrial political conspiracy. The way everyone wins, for democratic capitalism, for the United States and States Republic to win, is for Bruzzone to win, then remedially even Intel Corporation wins.

### RIGHT TO AMEND

Plaintiff(s) reserve the right to amend this complaint including stating additional defendants and subsequent causes of action, too add counts for relief relevant to this action.

### PRAYER

WHEREFORE, Plaintiff does pray:

**(a)**    District of Delaware ORDER the matter to settlement subject FRCP 60(b)(6).

**(b)**    That Bruzzone be awarded $130,000,000 remedial compensatory for professional career, economic and on punitive harms having demonstrated over 28 years he's earned this sum on dedication to his federal attorney's assignment on learning, auditing, monitoring, remedial attempts on discoveries of Intel false certifications framed as unbelievable meant to conceal Intel Corp engaged in 33 years of antitrust, espionage, racketeering and robberies Subject the malicious strategy of a taking that marks and makes Bruzzone a target on Defendants their deliberate vexing, on inadequate cause, false claims and certifications intent on associate opposition network to SLAPP and SWAT by caging and chained Plaintiff in their debilitating false light. Placed into obloquy and exposed to physical harm Mr. Bruzzone be awarded the equivalent of his marketing competitor, Intel Corp CEO Paul Otelinni's

**ORIGINAL CLAYTON ACT COMPLAINT**

33

career salary (sans stock options) denied to Bruzzone portrayed by Intel and associates and trade network competitors as incompetent, frivolous, know nothing, dangerous, harassing. Targeted by Intel and associates in psychological manipulation meant to condition Bruzzone into submission he would give up on his federal assignment and fail into accomplice with defendants and the associate opposition network engaged in consumer price fix theft, States theft, industry theft, Intel theft, industrial and suspect economic espionages.

**(c)**    That plaintiff(s) be awarded costs incurred including reasonable attorney fees;

**(d)**    That Plaintiff(s) receive all relief, both at law and at equity, to which they may be reasonably entitled subject federal RICO jury verdicts subject extraordinary Clayton x3 punitive harms to Bruzzone injured in his business.

Served on the Clerk of District of Delaware on this day
December 29, 2025


Michael Bruzzone, in *pro se*
Attorneys enlisted servant of the Federal Trade Commission,
contracted by USDOJ, retained by US Congress for the people

**ORIGINAL CLAYTON ACT COMPLAINT**

34