## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MICHAEL ALAN BRUZZONE,　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　 )　C.A. No. 25-1583-MN-LDH
　　　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　 )
INTEL CORPORATION,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Defendant.　　　　　　　)

### ORDER AND REPORT AND RECOMMENDATION

Pending before the Court are Defendant Intel Corporation's motion to dismiss *pro se* Plaintiff Michael Alan Bruzzone's Complaint (D.I. 1) for failure to state a claim upon which relief may be granted (D.I. 11) and Plaintiff's Motion for Settlement Conference before a Magistrate Judge (D.I. 26).  For the following reasons, I DENY Plaintiff's motion for a settlement conference, and I recommend GRANTING Defendant's motion to dismiss, but without prejudice, and affording Plaintiff leave to file an amended complaint.

### I.    BACKGROUND

Plaintiff initiated this action accusing Intel of "33 years of antitrust, espionage, racketeering and robberies" and seeks $130 million in damages. (D.I. 1).  Plaintiff also moved to seal certain correspondence to Intel (D.I. 9) but that motion was denied for failure to meet the applicable legal standard (D.I. 10).

Intel moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted (D.I. 11) and sought to admit pro hac vice certain of its counsel.  (D.I. 17).  Plaintiff opposed Intel's motion to dismiss (D.I. 19), opposed Intel's pro hac vice motions (D.I. 20), and subsequently filed a "Complaint of Judicial Misconduct to the Ninth Circuit."  (D.I. 24, D.I. 25).  Plaintiff then filed a Motion for Settlement Conference before a Magistrate Judge (D.I. 26).

1

## II.    LEGAL STANDARD

In reviewing a motion filed under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The complaint need not contain detailed factual allegations, but conclusory allegations and "formulaic recitation[s] of the elements of a cause of action" are insufficient to give the defendant fair notice of the nature of and grounds for the claim. *Twombly*, 550 U.S. at 555. The complaint must contain facts sufficient to show that a claim has "substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). While this plausibility standard requires more of the complaint than allegations supporting the mere possibility that the defendant is liable as alleged, plausibility should not be taken to mean probability. *Twombly*, 550 U.S. at 545. A claim is facially plausible, and the standard is satisfied, when the claim's factual allegations, accepted as true, allow the court to reasonably infer that the defendant is liable as alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 1948 (2009).

## III.    DISCUSSION

Despite construing Plaintiff's *pro se* Complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007), the allegations are unintelligible and do not state a claim consistent with Federal Rule of Civil Procedure 8(a)(2).  Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon County*, 219 F. App'x. 221, 222 (3d Cir. 2007).  Dismissal under Rule 8 is appropriate when a complaint

"is not only of an unwieldy length, but it is also largely unintelligible," *Stephanatos v. Cohen*, 236 F. App'x. 785, 787 (3d Cir. 2007), "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]," *Binsack v. Lackawanna County Prison*, 438 F. App'x. 158, 160 (3d Cir. 2011), or is so "rambling and unclear" as to defy response, *Tillio v. Spiess*, 441 F. App'x. 109, 110 (3d Cir. 2011).

Plaintiff's Complaint does not satisfy Rule 8. He fails to simply, concisely, and directly allege what his claims are and the factual basis for any such claims. Plaintiff titles his Complaint the "Original Clayton Act Complaint," and he purports to assert violations of "15 USC §§ 5, 15." (*See generally* D.I. 1). He also appears to seek to hold Intel liable for alleged constitutional violations arising under "42 USC § 1981, 1983 1985 *Griffin*, *Lujan*, *Bivens*," frivolous motion practice under Rule 11 and the "Cal Bar Rule," and for committing various organized crimes in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). *Id*. But the Complaint is largely unintelligible and does not clearly assert any facts to support Plaintiff's alleged claims. "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 245 (3d Cir. 2013). He does not.

Although Defendant seeks dismissal with prejudice, leave to amend should be granted here. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004), *abrogated on other grounds by Iqbal*, 556 U.S. at 678 (citing *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1434 (3d Cir. 1997)) (stating that an amendment of a complaint vulnerable to 12(b)(6) dismissal must be permitted and that "[d]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility"). Because Plaintiff proceeds *pro se* and this is the first round of motion to dismiss practice in this action, Plaintiff should be afforded an opportunity to amend his Complaint. *See Harris v. Wilkie*, 833 F. App'x 974, 975 (3d Cir. 2021) (per curiam) (stating that, "[i]n certain cases, there may be good reasons to give a plaintiff, particularly a pro se one, two (or more) shots

3

at amendment").

I note, however, as Defendant points out, that Plaintiff has filed numerous meritless actions against Intel, its attorneys, and judges who have presided over Plaintiff's actions such that he is subject to "vexatious litigant pre-filing review requirements" in California state courts, in the Northern District of California, and in the Eastern District of California. (D.I. 12 at 2).  It is unclear whether Plaintiff contests Defendant's representation, but he nevertheless states that "[t]here is no doubt of corporate politics invading Courts of Law on the vagaries of coven, fraternity and custom operating in North and East District of California." (D.I. 19 at 18).  I note that to the extent Plaintiff pursues frivolous litigation here, such conduct is grounds for dismissal with prejudice.  *See Emrit v. Moore*, No. 25-214, 2025 WL 3012992, at *2 (W.D. Pa. Oct. 28, 2025) (dismissing complaint without leave to amend as amendment would be inequitable and futile and noting that plaintiff was serial filer of pro se lawsuits which were routinely dismissed as frivolous or vexatious).

## IV.   CONCLUSION

For the foregoing reasons, I recommend GRANTING Defendant's motion and dismissing Plaintiff's complaint without prejudice. I FURTHER RECOMMEND that Plaintiff be granted leave to file an amended complaint on or before August 1, 2026.  I DENY Plaintiff's motion for a settlement conference as moot.

Plaintiff may file objections to this Order and Report and Recommendation within fourteen (14) days after being served with a copy of the Order and Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Objections are limited to seven (7) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *SeeHenderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001,

1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

This Order and Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages.  Any response shall be filed within fourteen days thereafter and limited to ten pages.  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

Date: July 6, 2026

_____
United States Magistrate Judge

5